UNITED STATES of America, Appellee,

v.

Jairo HERRERA–BENAVIDES, Defendant–Appellant.

Docket No. 01–1388.

United States Court of Appeals, Second Circuit.

April 1, 2003.

---

B. Alan Seidler, Nyack, NY, for Appellant.

David B. Pitofsky, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: B.D. PARKER, Jr., RAGGI, Circuit Judges, and GOLDBERG,* Judge.

---

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant-appellant Jairo Herrera–Benavides appeals from a July 2, 2001 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*), convicting him, after a jury trial, of one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Herrera–Benavides to concurrent terms of 188 months' imprisonment and five years of supervised release and imposed a $200 special assessment.

Herrera–Benavides raises two arguments on appeal: (1) that the jury's verdict was not supported by legally sufficient evidence and (2) that the District Court improperly enhanced his sentence for obstruction of justice. Both of these arguments lack merit.

A defendant challenging his conviction for the sufficiency of the evidence "faces a 'heavy burden.' " *United States v. Glenn*, 312 F.3d 58, 63 (2d Cir.2002) (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir.1994)). In order to succeed, Herrera–Benavides must show that, "viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, ... 'no rational trier of fact' could have concluded that the Government met its burden of proof." *Id.* (quoting *United States v. Mor-*

*rison,* 153 F.3d 34, 49 (2d Cir.1998)). Herrera–Benavides cannot meet this heavy burden.

■ The trial evidence amply supports Herrera–Benavides's convictions on both counts. Isaias Diaz, a drug dealer, testified that between 1997 and 1998 he received from Herrera–Benavides a total of approximately four kilograms of heroin and an unspecified amount of cocaine. Diaz's girlfriend Aceneth Cardozo, also a drug dealer, also received cocaine and heroin from Herrera–Benavides. The Government's evidence also included $8000 in cash and an electronic scale that had been seized from Herrera's apartment, the transcript of the plea allocution of one of Herrera–Benavides's co-conspirators, and eight recorded telephone conversations between Herrera–Benavides and Cardozo. Diaz testified that these conversations involved coded references to various drug transactions. Although Herrera–Benavides attacks Diaz's credibility, the jury clearly believed the latter's testimony, and we must defer to the jury's assessment of witness credibility. *See United States v. Bala,* 236 F.3d 87, 93–94 (2d Cir.2000). In light of the foregoing, we conclude that the evidence was sufficient to sustain the convictions on both counts.

■ We also conclude that the District Court did not err in enhancing Herrera–Benavides's sentence for obstruction of justice pursuant to § 3C1.1 of the Sentencing Guidelines. An obstruction-of-justice enhancement is appropriate where the defendant has provided perjured testimony. U.S.S.G. § 3C1.1, cmt. n. 4(b). Here, the District Court found that Herrera–Benavides's testimony was "mottled through with perjury." The District Court had ample basis for concluding that Herrera–Benavides lied when, *inter alia,* he testified that he had never sold drugs to Diaz or Cardozo. Thus, the District Court was well within its discretion in concluding that Herrera–Benavides willfully gave false testimony as to a material matter, justifying the two-level enhancement for obstruction of justice. *See, e.g., United States v. Dunnigan,* 507 U.S. 87, 94–95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

Accordingly, the judgment of the District Court is AFFIRMED.